MARY LEE HEATH AND SON, KENNETH LEE HEATH v. T. J. TURNER AND
WIFE, EVELYN TURNER; GRAHAM TURNER AND WIFE, FRANCES
TURNER; LLOYD KENNEDY AND WIFE, LOIS KENNEDY

No. 814SC636

(Filed 7 September 1982)

**Quieting Title § 2.2; Trespass to Try Title § 4— superior title under Real Proper-
ty Marketable Title Act**

Where both plaintiffs and defendants have record title to land of more
than thirty years duration which could be examined without finding an excep-
tion, plaintiffs' predecessor took prior to the thirty-year period by descent a
vested remainder in fee with possession postponed until the death of his
father, and defendants and their predecessors in title have been in possession
of the property for more than thirty years, plaintiffs' record title did not affect
defendants' marketable title, and defendants' title must prevail pursuant to
provisions of the Real Property Marketable Title Act. G.S. 47B-3; G.S. 47B-8(2).

Judge MARTIN (R. M.) dissenting.

APPEAL by plaintiffs and defendants from *Cowper, Judge.*
Judgment entered 24 March 1981 in Superior Court, DUPLIN
County. Heard in the Court of Appeals 11 February 1982.

This action involves the title to real property. Margaret Hall
died intestate in 1916. At the time of her death, she owned a
50-acre tract of land in Duplin County. She was survived by
eleven children. The plaintiffs in this action alleged that they
owned Lots 2 through 7 in the division of the Margaret Hall land,
that the defendants were trespassing on their land, and that the
defendants' claim constituted a cloud on the plaintiffs' title. The
case was tried by the court without a jury.

The court found the following facts to which no exceptions
were taken. Five of the children of Margaret Hall received deeds
from their brothers and sisters to Lot 1, and Lots 8, 9, 10 and 11.
Lillie Hall Hobgood, one of Margaret Hall's children, received
deeds to a 2/11 undivided interest in Lots 3, 4 and 5 from a
brother and a sister. Thomas Mosley Hall, Eliza Hall and Katie
Hall Turner were children of Margaret Hall who did not receive
recorded deeds to any of the Margaret Hall property. Never-
theless, Katie H. Turner and husband conveyed Lot 2 to B. F.
Hobgood, Sr., the husband of Lillie H. Hobgood, by deed recorded
16 November 1923; Thomas Mosley Hall and wife and Eliza Hall

and husband conveyed Lots 6 and 7 to B. F. Hobgood, Sr. by deed recorded 2 May 1924. Lillie Hall Hobgood died intestate on 4 July 1929. She was survived by her husband and one child, B. F. Hobgood, Jr. B. F. Hobgood, Sr. conveyed Lots 2 through 7 to J. A. Thigpen by deed recorded 4 November 1932 which deed purported to convey a fee simple estate. The defendants took their title by deeds which had as their ultimate source J. A. Thigpen. The defendants and those through whom they claim have been in possession of the land for more than 30 years. B. F. Hobgood, Jr. conveyed his interest in Lots 2 through 7 in the Margaret Hall land to A. L. Mercer by deed recorded on 8 December 1943. The plaintiffs base their claim to title on this deed to A. L. Mercer. B. F. Hobgood, Sr. died on 20 August 1976. This action was commenced on 15 August 1978.

Based on the above findings of fact among others the court concluded the defendants are the owners of Lots 2, 6 and 7 by adverse possession for more than 30 years and under color of title for more than 7 years and *prima facie* by the Real Property Marketable Title Act. The court concluded that the plaintiffs had proved title to a 3/11 interest in Lots 3, 4 and 5, and the defendants held the remaining 8/11 undivided interest by adverse possession for more than 30 years and under color of title for more than 7 years and *prima facie* by reason of the Real Property Marketable Title Act.

Plaintiffs and defendants appealed.

*Fred W. Harrison for plaintiff appellants and appellees.*

*Vance B. Gavin for defendant appellants and appellees T. J. Turner and Evelyn Turner.*

*Russell J. Lanier, Jr. for defendant appellants and appellees Lloyd Kennedy and Lois Kennedy.*

WEBB, Judge.

The plaintiffs do not argue an assignment of error as to the court's ruling on Lots 2, 6 and 7 of the Margaret Hall tract. They do argue that the court erred in limiting their interest to a 3/11 undivided interest in Lots 3, 4 and 5. The defendants assign error to the court's failure to hold that they are entitled to all the interest in these three lots. The defendants claim their title to Lots

3, 4 and 5 based on a deed from B. F. Hobgood, Sr. who had a curtesy estate and purported to convey a fee simple title. The plaintiffs' claim is based on a deed from B. F. Hobgood, Jr., who held a vested remainder in Lots 3, 4 and 5 subject to the life estate of his father. We believe this case is governed by the Real Property Marketable Title Act. It provides in part:

"47B-1. Declaration of policy and statement of purpose.

It is hereby declared as a matter of public policy by the General Assembly of the State of North Carolina that:

(1) Land is a basic resource of the people of the State of North Carolina and should be made freely alienable and marketable so far as is practicable.

(2) Nonpossessory interests in real property, obsolete restrictions and technical defects in titles which have been placed on the real property records at remote times in the past often constitute unreasonable restraints on the alienation and marketability of real property.

(3) Such interests and defects are prolific producers of litigation to clear and quiet titles which cause delays in real property transactions and fetter the marketability of real property.

(4) Real property transfers should be possible with economy and expendiency. The status and security of recorded real property titles should be determinable from an examination of recent records only.

It is the purpose of the General Assembly of the State of North Carolina to provide that if a person claims title to real property under a chain of record title for 30 years, and no other person has filed a notice of any claim of interest in the real property during the 30-year period, then all conflicting claims based upon any title transaction prior to the 30-year period shall be extinguished.

47B-2. Marketable record title to estate in real property; 30-year unbroken chain of title of record; effect of marketable title.

Heath v. Turner

(a) Any person having the legal capacity to own real property in this State, who, alone or together with his predecessors in title, shall have been vested with any estate in real property of record for 30 years or more, shall have a marketable record title to such estate in real property.

(b) A person has an estate in real property of record for 30 years or more when the public records disclose a title transaction affecting the title to the real property which has been of record for not less than 30 years purporting to create such estate either in:

(1) The person claiming such estate; or

(2) Some other person from whom, by one or more title transactions, such estate has passed to the person claiming such estate;

with nothing appearing of record, in either case, purporting to divest such claimant of the estate claimed.

(c) Subject to the matters stated in G.S. 47B-3, such marketable record title shall be free and clear of all rights, estates, interests, claims or charges whatsoever, the existence of which depends upon any act, title transaction, event or omission that occurred prior to such 30-year period. All such rights, estates, interests, claims or charges, however denominated, whether such rights, estates, interests, claims or charges are or appear to be held or asserted by a person sui juris or under a disability, whether such person is natural or corporate, or is private or governmental, are hereby declared to be null and void.

(d) In every action for the recovery of real property, to quiet title, or to recover damages for trespass, the establishment of a marketable record title in any person pursuant to this statute shall be prima facie evidence that such person owns title to the real property described in his record chain of title.

47B-3. Exceptions.

Such marketable record title shall not affect or extinguish the following rights:

\* \* \*

(3) Rights, estates, interests, claims or charges of any person who is in present, actual and open possession of the real property so long as such person is in such possession.

\* \* \*

47B-8. Definitions.

As used in this Chapter:

\* \* \*

(2) The term "title transaction" means any transaction affecting title to any interest in real property, including but not limited to title by will or descent, title by tax deed, or by trustee's, referee's, commissioner's, guardian's, executor's, administrator's, or sheriff's deed, contract, lease or reservation, or judgment or order of any court, as well as warranty deed, quitclaim deed, or mortgage."

Under this act, if a person or those under whom he claims has a record title to real property of at least 30 years duration and there is nothing of record which by a title search of that chain would show a defect in the title, such a person has a marketable title in the property. *See* J. Webster, Real Estate Law in North Carolina § 508 (rev. ed. 1981). Any interests in the property, with certain exceptions set forth in G.S. 47B-3, which may have been created prior to that period are extinguished. G.S. 47B-4 provides for recording interests to the property to keep such interests from being extinguished. No interests were recorded in this case. In this case both plaintiffs and defendants have record titles of more than 30 years duration which could be examined without finding an exception. The defendants have a record title which commences with the deed from B. F. Hobgood, Sr. to J. A. Thigpen recorded in 1932. The plaintiffs have a record title which would reveal no exceptions if searched to the deed from B. F. Hobgood, Jr. to A. L. Mercer recorded in 1943. We believe the defendants' title must prevail. G.S. 47B-3 provides that a marketable record title shall not affect the rights of a person who is in possession of the property. The superior court found as a fact that the defendants and their predecessors in title have been in possession of the property for more than 30 years. For this reason we do not believe the plaintiffs' record title affects

the defendants' marketable record title. *See* Webster, *The Quest for Clear Land Titles,* 44 N.C.L. Rev. 89, 108, 109 (1965).

In 1929 B. F. Hobgood, Jr. took by descent a vested remainder in fee with possession postponed until the death of his father. G.S. 47B-3(2) defines "title transaction" to include "title . . . by descent." G.S. 47B-8(c) provides that a "marketable record title" shall be clear of "all rights . . . the existence of which depends upon any . . . title transaction . . . that occurred prior to such 30-year period." We believe this section of the statute divests the plaintiffs of their interest. We note that there is no requirement that a person in possession of property hold it by adverse possession in order for his title to be perfected under the Real Property Marketable Title Act. The defendants and their predecessors did not hold adversely to the remainderman or his successors so long as the life tenant was living.

The plaintiffs did not raise a constitutional question in the superior court or in this Court as to the Real Property Marketable Title Act as applied to this case, and we have not considered the due process question.

For the reasons stated in this opinion, we hold that it was error for the superior court to hold that the plaintiffs had a 3/11 interest in Lots 3, 4 and 5. We hold that the defendants possess all interests in the land. We reverse and remand for a judgment consistent with this opinion.

Reversed and remanded.

Judge WELLS concurs.

Judge MARTIN (Robert M.) dissents.

Judge MARTIN (Robert M.), dissenting.

I agree with the findings of fact and conclusion of law by the trial court that plaintiffs Mary Lee Heath and son, Kenneth Lee Heath, are the owners of a 3/11 undivided interest in lots 3, 4, and 5 of the division of the Margaret Hall lands and vote to affirm.

Plaintiffs established title through B. F. Hobgood, Jr. (son of Lillie Hall Hobgood). Defendants' title comes through B. F. Hobgood, Sr., who only held a curtesy right in his wife's lands.

B. F. Hobgood, Jr. inherited the land from his mother, Lillie Hall Hobgood, who died intestate on 4 July 1929, subject to his father's curtesy estate. His father, B. F. Hobgood, Sr. died in September 1976.

In my opinion, neither adverse possession nor the Real Property Marketable Title Act have any application in this case.

I respectfully dissent from the opinion filed by the majority.